

9990 Richmond Avenue Suite
400 South Houston, TX 77042
Telephone (877) 768-3759 Fax
(866) 926-5498
www.selenefinance.com
Hours of Operation
(CT) Monday – Thursday: 8 a.m. -
9 p.m.
Friday: 8 a.m. – 5 p.m.

6/24/2014

THOMAS KIRKPATRICK
C/O Law Offices of Todd Taylor, P.C.
P.O. Box 1123 Burlington, VT 05402

Re:   Loan #:   ~~~~~~~~~~
      Property:   20 -22 WARD ST, BURLINGTON, VT 05401

Dear Mortgagor(s):

Selene Finance LP (Selene) is pleased to offer you the enclosed Settlement Agreement ("Agreement") as in resolution of the Adversary Proceeding you initiated in the United States Bankruptcy Court for the District of Vermont. This agreement resolves the underlying dispute, modifies the terms of your promissory note secured by real property located at 18-22 Ward Street n the City of Burlington, County of Chittenden and State of Vermont.

Please read the Agreement carefully to ensure that you understand your obligations. Please pay on or before the due dates outlined on the agreement. Please make all payments using a money order, bank certified check, or send a Money Gram payment using code "6440". The addresses for remitting the payments are:

Selene Finance LP                           Selene Finance LP
P.O. 71243                                  9990 Richmond, Ste. 400
Philadelphia, PA 09176                      South Houston, TX 77042-4546

Conduit mortgage payments from the Chapter 13 Trustee will be accepted as draw on the account of the Chapter 13 Trustee and such check need not be certified.

Please return the signed and initialed Agreement to our attorneys in Vermont, Lobe, Fortin and Rees, PLC not later than July 1, 2014. If you fail to meet the requirements of this Agreement, the agreement will be void and Plaintiff may pursue all remedies available to under the Note and Security Instrument and bankruptcy Code. If you have any questions concerning this Agreement, you should contact your Single Point of Contact at (877) 768-3759.

Nidole Pinard
Loan Resolution Department
Selene Finance LP

Selene Finance LP is a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

If you received a bankruptcy discharge of this debt, this communication is not an attempt to collect the debt against you personally, but is notice of a possible enforcement of the lien against the collateral property. Also, if you are involved in a bankruptcy please note that Selene Finance LP intends to fully comply with the Code including, without limitation, the automatic stay and the provisions of any confirmed bankruptcy plan.

**Attention Servicemembers and Dependents:** The federal Servicemembers Civil Relief Act and certain state laws provide important protections for you, including prohibiting foreclosure under most circumstances during and twelve months after the servicemember's military or other service. Selene will not foreclose on the property of a servicemember or his or her dependent during that time, unless pursuant either to a court order or a servicemember's written waiver agreement.

CL101

## SETTLEMENT AGREEMENT

Re: Borrower(s): **THOMAS KIRKPATRICK**
Property: **20 -22 WARD ST, BURLINGTON, VT 05401**
Loan#:

Borrower executed a promissory note (the "Note") and Mortgage/Deed of Trust/Deed to Secure Debt ("Security Instrument") on 6/30/2006 in the amount of $285,000.00 (the "Loan").

The Property secures the Loan.

Borrower is in default under the terms of the Note and Security Instrument. Borrower has filed a Chapter 13 Bankruptcy with the United States Bankruptcy Court for the District of Vermont which has been assigned docket number 13-10785 and has initiated an adversary proceeding which has been assigned docket number 14-01002.

In consideration of the benefits which Borrower and the holder of the Note and Security Instrument (the "Lender") may obtain by entering into this Settlement Agreement (the "Agreement") and for other good and valuable consideration, Borrower and Selene Finance LP ("Selene"), on behalf of the Lender, agree to the following:

**TERMS OF SETTLEMENT**

The parties to this agreement, Thomas Kirkpatrick, and secured creditor, by and through its servicer, Selene Finance, LP hereby agree and stipulate as follows:

1. The parties agree that the principal amount of the debt owed to secured creditor, U.S. Bank National Association, Not in Its Individual Capacity But Solely as Trustee for SRMOF II REO 2013-1 Trust through it servicing agent, Selene Finance LP shall be the amount reflected in the appraisal the subject premises, $423,000.00.

2. The parties agree that the amount in the above paragraph, the principal amount the debt, shall be amortized over a 40 year period at an interest rate of 4.5% which produces a monthly payment amount of $1901.65. Additionally, escrow for property taxes and hazard insurance will be added to this payment amount which the parties expect will bring the monthly payment amount, including escrow for property tax payments and hazard insurance on the parcel, to approximately $2682.51 per month. The parties acknowledge that this monthly payment amount is subject to change

Initials: 

with changes in the property tax assessment and / or the cost of hazard insurance.

3. Pending formulation of the exact payment amount based on the above amortization schedule of the agreed upon amount of debt, debtor agrees to make and lender agrees to accept the following payment on the schedule stated below. These amount may be amended upon completion of a current escrow analysis of the current property taxes and hazard insurance premium.

| Date | Payment Amount |
|---|---|
| 7/1/2014 | 2,682.51 |
| 8/1/2014 | 2,682.51 |
| 9/1/2014 | 2,682.51 |
| 10/1/2014 | 2,682.51 |
| 11/1/2014 | 2,682.51 |
| 12/1/2014 | 2682.51 |

4. The parties further agree and acknowledge that the mortgage payments will be made by the Chapter 13 trustee each month. The parties agreed that the first monthly payment shall commence with the July payment shall be made not later than July 10, 2014. The monthly payment is due on the first of each month with a 10 day grace period. Selene will supply remittance information to the Chapter 13 Trustee upon the execution of this agreement. Absent information to the contrary the Philadelphia, PA post office box noted above, and to which the Chapter 13 Trustee is currently sending payment, will be the remittance address for the monthly payment.

5. Debtor agrees that should monthly payment not be received by the 10th, and should such payment default not be cured within 10 days of notice of non-receipt which notice shall be sent both to debtor's counsel and to the Chapter 13 Trustee, that relief from the automatic stay may issue from this Bankruptcy Court upon submission of an affidavit by secured creditor noting the failure to timely receive a monthly mortgage payment, that such failure was noticed to debtor's counsel and the Chapter 13 Trustee, that such default was not cured within 10 days of the notice, aforesaid and that this has occurred twice in a 12 month period. Even in the event of cure, should payments be late more than twice in any 12 month period secured creditor may obtain relief from automatic stay by provision of an affidavit noting the delinquent payments to the Bankruptcy Court. Debtor further agrees that relief from the automatic stay may issue should debtor become more than three monthyl payments delinquent with his monthly payment to the Chapter 13 Trustee. Such delinquency may be demonstrated by production of a printout from Access 13 showing debtor's payment delinquency.

6. Debtor agrees to waive any and all defenses which he has, may have, or may subsequently acquire based on events occurring prior to the date and time of his execution of this settlement agreement. With regard to the penalty provisions of paragraph number four, above, debtor's only defense to allegations of delinquent monthly payment of the mortgage amount, or of a delinquency of more than three monthly payment to the chapter 13 trustee shall be proof

Initials: 

that such payments were, in fact, made timely.

7. Upon full execution of this Settlement Agreement by the debtor and by an authorized representative of Selene Finance, LP, the parties agree and stipulate that this adversary proceeding shall be DISMISSED WITH PREJUDICE and that such motion will be filed with the Court with in 15 days of the full execution of this agreement. Counsel for lender will prepare the proposed Stipulation for Dismissal with Prejudice. Debtor will also withdraw his objection to secured creditor's proof of claim upon execution of this agreement.

8. This agreement shall remain in full force and effect until such time as the parties mutually agree in writing otherwise or until debtor ~~satisfies in full the underlying debt~~ * This agreement shall be construed under and governed by the law of the state of Vermont.

\* receives a Chapter 13 discharge, thereafter Selene Financial LP. shall dismiss the foreclosure proceeding, if not already dismissed, and the mortgage deed terms shall then replace and control the provisions in Paragraphs Four and Five.

NOTE

This Agreement does not alter the manner in which interest is calculated under the Note, except that the parties agree that the interest rate on the subject note shall be, from the execution of this agreement forward, 4.5% fixed. While this Agreement is in effect, the Note as modified by this Agreement will continue to govern the rate at which interest accrues on the loan balance and how the loan balance is calculated.

**TERMINATION CONDITIONS**

This Agreement is automatically terminated under any of the following circumstances:
- The Property is abandoned or left vacant for more than sixty (60) days.
- Borrower transfers ownership or interest in the Property without consent of Selene.
- Borrower fails to meet any of the terms of this Agreement or the original Note as modified and Security Instrument.
- prior to the final payment date.

**Credit**

Lender will report this loan as "current paying according to terms" so long as debtor maintains his obligations under the terms of this agreement, the Promissory Note as modified, in the security instrument.

**Original Note and Security Instrument**

All of the provisions of the Note and Security Instrument, except as modified by this Agreement, remain in full force and effect. Nothing contained in this Agreement will be construed to impair the Security Instrument or effect or impair the Lender's rights or powers under the Note and Security Instrument. This Agreement does not constitute a waiver of the Lender's right to insist upon strict performance of the terms of this agreement, or of the promissory note, as modified, in the future.

Initials: TMK

The offer contained in this Agreement expires and is withdrawn unless this Agreement is executed by each Borrower and received by Selene Finance LP by July 1, 2014.

DATED at Colchester, Vermont this 1st day of July, 2014

*[signature]*

Borrower- Thomas Kirkpatrick

Date: 7/1/14

DATED at Jacksonville, Florida this 18th day of June, 2014

U.S. Bank National Association, Not in Its Individual Capacity But Solely as Trustee for SRMOF II REO 2013-1 Trust through Selene Finance LP its Attorney in Fact

By: *[signature]*

Its duly Authorized Agent

You may return the signed and initialed Agreement to the following address:

Selene Finance LP
c/o Lobe, Fortin & Rees, PLC
30 Kimball Ave, Set 307
South Burlington, VT 05403

Initials: TMK